**E-FILED on**     8/8/05

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATY RAMIL,<br><br>         Plaintiff,<br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>         Defendants. | Case No. C-04-02258 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>**[Re Docket No. 19]** |

Plaintiff Naty Ramil seeks unpaid benefits under her Med-Pay insurance contract with defendant Allstate Insurance Company ("Allstate") and damages for bad faith. Allstate moves for summary judgment on all claims. The motion was heard July 15, 2005. For the reasons set forth below, the court grants in part and denies in part Allstate's motion for summary judgment.

## I. BACKGROUND

In August 1989, plaintiff originally took out an automobile insurance policy with Allstate. Declaration of Jodi Vicario ("Vicario Decl.") ¶ 4. Plaintiff insured her 2001 Toyota Camry with Allstate under policy number 014954260, which included medical coverage with a $5,000 limit for injuries caused in automobile accidents. *Id.* The language of the "Med-Pay Coverage" in plaintiff's policy reads:

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
No. C-04-02258 RMW
ERF/MAG

> Allstate will pay to or on behalf of an insured person all reasonable expenses the insured person becomes legally obligated to pay for necessary medical treatment, services, or products actually provided to the insured person. Ambulance, hospital, medical surgical, X-ray, hearing aids, funeral service expenses, and professional nursing services are covered. Payments will be made only when bodily injury is caused by an auto accident. The treatment, services, or products must be rendered within five years after the accident.

*Id.*, Ex. A at 0005. Allstate's contract allows it to make the determination of whether medical expenses are unreasonable or unnecessary.

> If the insured person incurs medical expenses *which we deem to be unreasonable or unnecessary, we may refuse to pay those expenses and contest them.* Unreasonable medical expenses are fees for medical services which are substantially higher than the usual and customary charges for those services. Unnecessary medical expenses are fees for medical services which are not usually and customarily performed for treatment of the injury, including fees for an excessive number, amount or duration of medical services.

*Id.*, Ex. A at 00040 (emphasis added). The policy states that if the insured is sued by a medical services provider because Allstate refused to pay the contested medical expenses, then Allstate will pay all defense costs and any judgment resulting against the insured individual, provided that the insured cooperates with the insurer. *Id.* at 41. Allstate claims that plaintiff, by signing the policy, agreed to "submit to medical examinations as often as reasonably required" by a physician of the insurer's choosing. *Id.*, Ex. A at 00041.

On April 18, 2002, plaintiff was driving her 2001 Toyota Camry when she was hit by another vehicle which ran a stop sign in a Safeway parking lot. Declaration of Jeffrey Butler ("Butler Decl.") ¶ 2, Ex. A at 112:11-114:9. The accident caused damage to the driver's side door of plaintiff's vehicle in the amount of $4,328. *Id.* Declaration of Annette Robinson ("Robinson Decl.") ¶ 4, Ex. A, at 00345, 00367. Plaintiff claims that the accident "triggered in her a fear of driving," for which psychologist Dr. Arthur Anton treated her at a cost of $625.00. Declaration of Arthur Anton ("Anton Decl."), Ex. 3. Dr. Anton admitted that he treated plaintiff on a "contingent fee basis," expecting payment only if plaintiff recovered against Mr. Arriola, the other driver involved in the April 2002 accident. De Hope Decl. ¶ 10, Ex. I.

Plaintiff "suffered significant injuries as a result of this accident" and began treatment with Dr. Jose Reyes, a physician, and Dr. Douglas George, a chiropractor, for her neck and back pain. *Id.*, Ex. 5. Plaintiff underwent treatment at least once a week for the next seven months until she had a second

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
No. C-04-02258 RMW
ERF/MAG

accident in December 2002. She claims that she incurred medical bills for the April 2002 accident in the amount of $9,455.00. Anton Decl., Ex. 5. Allstate claims that the cost for the treatment of plaintiff's injuries amounted to $9,919.00. Butler Decl. ¶ 2, Ex. A at 143:16-25. Allstate reimbursed Dr. Reyes $1,271.81 for his services. Robinson Decl., Ex. A at 00387.

On December 6, 2002, plaintiff was hit by a Santa Clara Transit bus that merged into her lane and scraped the passenger side of her car, damaging her side rearview mirror. Butler Decl. ¶ 2, Ex. A at 181:17-181:19. Plaintiff's car suffered damages in the amount of $234.77 and neither of plaintiff's passengers were injured. *Id.* Plaintiff claims that she attempted to maneuver her car to avoid the collision, and the accident aggravated her neck injury. Pl. Opp. at 5. After the accident, plaintiff drove immediately to Dr. Reyes' office to receive further medical treatment. Declaration of Kimberly De Hope ("De Hope Decl.") ¶ 2, Ex. A at 96:17-21. Dr. George and Dr. Reyes treated her for the second injury, resulting in medical bills of $990.00 and $2,787.00 respectively. Declaration of John Shepardson ("Shepardson Decl."), Ex. 1. Allstate claims that plaintiff had already been to Dr. Reyes' office earlier that morning for treatment of her injuries from the first accident. Butler Decl. ¶ 2, Ex. A at p.162:15-17.

On January 29, 2003, plaintiff claims that Allstate referred her to its Special Investigation Unit to investigate her claims. Shepardson Decl., Ex. 8. At this point, Allstate placed a hold on payments to Dr. Reyes. *Id.* To investigate plaintiff's claims, Allstate conducted an Independent Medical Examination ("IME") that was performed by Dr. Floyd Fortuin, a neurologist certified by the American Board of Psychiatry and Neurology and professor at the medical school at the University of California, San Francisco with staff privileges at the hospital associated with that school. Robinson Decl. ¶ 4, Ex. A at 00387. On April 10, 2003, Dr. Fortuin conducted an IME of plaintiff and produced a report detailing her medical history. Declaration of Floyd Fortuin ("Fortuin Decl."), Ex. B. Dr. Fortuin concluded that plaintiff is a "chronic pain patient" who should "seek treatment at Kaiser," her primary healthcare provider. *Id.* The report stated that plaintiff's injuries from the April 2002 accident were, at worst, "minor cervical strain," the treatment of which would cost no more than $500.00 and that the December 2002 accident was "a non-injury event and would require no treatment." Fortuin Decl. ¶ 4, Ex. B. Plaintiff alleges that Dr. Fortuin mischaracterized plaintiff's pain and injuries, failing

to recognize that she suffered no significant pre-accident pain and neglecting to mention Dr. Anton's treatment or bill. Pl. Opp. at 6-7.

On April 30, 2003, Allstate sent a letter to plaintiff's attorney, with a copy of Dr. Fortuin's report enclosed, denying further payments to plaintiff. Robinson Decl. ¶ 7, Ex. C. The letter noted the payments Allstate had made to plaintiff up to that point for the two accidents, and explained its right to refuse payment of "unnecessary or unreasonable" medical expenses. *Id.* Allstate reminded plaintiff that it would pay any defense costs or resulting judgment if one of plaintiff's doctors sued her. *Id.* Plaintiff argues that Drs. George, Anton, and Reyes' medical treatments have all been both necessary and reasonable and that the terms of her policy require Allstate to pay her doctors' fees.[1] Shepardson Decl., Ex. 3 at 14-16. In response to plaintiff's current action, Allstate retained Dr. Peter Cassini and Mark Zaslaw, PhD as experts to examine plaintiff. De Hope Decl. ¶ 8, Ex. G. Dr. Cassini is certified by the American Board of Psychiatry and Neurology, teaches at Stanford University Medical Center and is the Deputy Chief of that medical center's neurology department. Dr. Zaslaw is a clinical psychologist. Both Dr. Cassini and Dr. Zaslaw reached conclusions similar to those of Dr. Fortuin. *Id.* at ¶ 8, Ex. G; *id.* ¶ 9, Ex. H.

Plaintiff filed an action on February 22, 2005 in Santa Clara Superior Court claiming breach of contract and bad faith. Compl. ¶¶ 7-9, 12-15. Allstate removed the case to this court based on diversity jurisdiction. On June 10, 2005, Allstate filed the instant motion for summary judgment or alternatively, summary adjudication.

## II.   ANALYSIS

### A.   Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

---

[1] Dr. Anton apparently only expected plaintiff to pay him if she received a money judgment from Mr. Arriola. *Id.* at ¶ 10, Ex. I at 32:22-33:1. Plaintiff's suit against Mr. Arriola is still pending, and therefore, Dr. Anton has not requested payment of the $625.00 bill from plaintiff, but plaintiff paid the bill and now requests reimbursement from defendant. *Id.* at ¶ 10, Ex. I at 30:10-24; *id.* at ¶ 11, Ex. J. On May 23, 2005, defendant sent a letter to plaintiff denying her request for reimbursement. Robinson Decl. ¶¶ 8-9, Ex. D.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
No. C-04-02258 RMW
ERF/MAG

and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). After the moving party makes a properly supported motion, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 322; *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 951 (9th Cir. 1978).

**B.   Defendant's Motion to Strike Plaintiff's Evidence**

In conjunction with its reply, Allstate filed a motion to strike plaintiff's evidence submitted in opposition to the motion for summary judgment. Plaintiff orally opposed this motion. Specifically, Allstate objects to the exhibits attached to the declaration of plaintiff's counsel, John Shepardson, and to the declaration of Mr. Everette Herndon, plaintiff's expert.

**1.   Exhibits[2]**

Allstate's objections to the exhibits attached to the Shepardson Declaration stem from plaintiff's failure to authenticate the exhibits. While Shepardson states that the documents were produced from Allstate's claim file in response to this case, Allstate contends that these documents are otherwise unauthenticated. Plaintiff has submitted four categories of documents as exhibits to the Shepardson Declaration (1) documents purportedly produced by Allstate from the claim file, (2) declarations by plaintiff's witnesses, (3) bills, and (4) deposition transcripts. While Allstate objects to the lack of authentication, they do not seriously dispute that they are what plaintiff claims them to be. There are two notable exceptions: (1) a deposition of Dr. Fortuin from an unrelated Contra Costa Superior Court case, Shepardson Decl., Ex. 10; and (2) documents from another case plaintiff's counsel is pursuing against Allstate (IME by a doctor unrelated to this case, Dr. Sosine, of an Allstate insured, Beverly Hughes, likewise without

---

[2] Preliminarily, defendant moves to strike the Declaration of John Shepard in its entirety for failure to timely serve the exhibits to the declaration. As it appears that defendants were in no way prejudiced by the purported untimeliness of the exhibits, the court declines to strike the declaration in its entirety.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
No. C-04-02258 RMW
ERF/MAG

connection to this case, *id.*, Ex. 17; a letter from Allstate to Hughes denying benefits based upon that IME, *id.*, Ex. 18; and the deposition of an individual plaintiff claims assessed Hughes' claim, *id.*, Ex. 19). In addition to being unauthenticated, these exhibits have no relevance to this case.[3] Accordingly, the court strikes this evidence.

### 2. Herndon Declaration

Allstate objects to the Declaration of Everette Herndon on the grounds that plaintiff failed to identify Herndon as an expert as required under Federal Rule of Civil Procedure 26. Rule 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." While defendant intimates that plaintiff's failure to disclose Mr. Herndon caused it harm because it occurred three weeks after the court designated date for disclosure of rebuttal witnesses, Allstate does not state in what way it was harmed. The February 28, 2005 designation listed Herndon's name, general background, and anticipated testimony topics. On the other hand, plaintiff makes no attempt to defend its failure to timely submit Herndon's expert report. Nevertheless the court finds that, absent evidence to the contrary, the failure to timely submit Herndon's expert report did not cause Allstate harm, because Herndon was disclosed before the cutoff for expert designations.

In the alternative, Allstate objects to Herndon's declaration because he opines on the duty of care, which Allstate contends is a matter of law upon which expert opinion is not permitted. The court disagrees. As set forth below, plaintiff has placed the standard of care in the insurance industry at issue by asserting a bad faith claim against Allstate. A professional standard of care is established by the accepted industry practice. *Spann v. Irwin Memorial Blood Centers*, 34 Cal. App. 4th 644, 655 (1995); *see also Diamond v. Grow*, 243 Cal. App. 2d 396, 401-02 (1966) (evidence of industry custom may assist in the determination of what constitutes due care); *Pauly v. King*, 44 Cal. 2d 649, 654 (1955) (jury's decision that duty of care was

---

[3] Plaintiff contends that these documents demonstrate Allstate's practice for the last seven years of giving undue weight to IME reports that are favorable to denial of coverage. This argument is without support.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
No. C-04-02258 RMW
ERF/MAG

breached is supported by witness testimony concerning the accepted standard of practice in the building industry); *Honea v. City Dairy*, 22 Cal. 2d 614, 619 (1943) (evidence concerning method of inspection used in the industry is relevant to duty of care issue). Thus, Herndon's opinions on the duty of care are generally admissible and relevant for purposes of assessing defendant's motion for summary judgment.

### 3. Anton and Reyes Declarations

Defendant objects to the declarations of Dr. Anton, the physician who treated plaintiff for fear of driving, and Dr. Reyes, the physician who treated plaintiff's back problems after both accidents. Allstate seeks to strike these declarations primarily on the grounds that the statements made therein contradict the testimony given by these doctors at their depositions. As defendant points out, plaintiff may not create an issue of fact by submitting witness declarations that contradict the witness's deposition testimony. *Radobencko v. Automated Equip. Corp.*, 520 F.2d 540, 544 (9th Cir. 1975) (contradictory testimony of plaintiff alone cannot be used to defeat motions for summary judgment "where the only issue of fact results from the necessity of choosing between the plaintiff's two conflicting purposes."). While the court does not strike these statements from the affected declarations, it views any contradictory testimony in light of the Ninth Circuit's caution against sham affidavits.

### 4. George Declaration

Defendant also objects to the declaration of Dr. George, plaintiff's chiropractor, as exceeding the scope of permissible testimony. Overall, it appears that Allstate protests that George was not designated as an expert witness and seeks to restrict his testimony to that about which he has personal knowledge (for example, defendants object to the lack of foundation for his statements regarding previous surgeries, general frailty and susceptibility to injury).

Treating physicians are permitted to opine on the examination, diagnosis, and treatment of a patient. *Cf. Mangla v. University of Rochester*, 168 F.R.D. 137, 139 (W.D.N.Y.1996) ("Experts are retained for purposes of trial and their opinions are based on knowledge acquired or developed in anticipation of litigation or for trial. A treating physician's testimony, however, is based on the physician's personal knowledge of the examination, diagnosis, and treatment of a patient and not from information acquired from outside sources.").

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
No. C-04-02258 RMW
ERF/MAG

To the extent the testimony of Dr. George and Dr. Reyes can legitimately be considered related to their treatment of plaintiff, the court will permit the testimony on summary judgment. The court strikes Exhibit 1 of Dr. George's declaration, the research findings and conclusions from the Spine Research Institute, finding its inclusion to be an attempt to convert Dr. George into an expert witness, in spite of not having been disclosed as such. Aside from the broad statement that he relies upon it "for treatments, diagnosis and opinions," Dr. George presents no basis for concluding that this document was necessary for or even connected to plaintiff's treatment. Shepardson Decl., Ex. 14 ¶ 29.

### 5. Other Objections

Allstate has raised numerous other objections to the evidence, including a number of hearsay objections. The court will address these objections only to the extent the material to which Allstate objects is relevant to the motion for summary judgment.

### C. Breach of Contract

Plaintiff submits that she incurred a total of $13,696.00 in medical expenses and $625.00 in psychiatric bills as a result of the two auto accidents described above. The undisputed evidence establishes that Allstate has paid her a portion of these expenses, an amount of $1,271.81. Allstate contends that it has paid all it owes under the policy; plaintiff argues that Allstate owes her for all medical expenses incurred as a result of the April and December automobile accidents under the Med-Pay coverage.

Allstate asserts that it is entitled to summary judgment that it has not breached the terms of the insurance contract because it paid all "reasonable" medical expenses. It argues that the terms of the policy provided that it had full discretion to determine what costs were reasonable and necessary. Nevertheless, Allstate contends that it retained Dr. Fortuin to confirm its decision, going beyond what was required by the policy terms. Dr. Fortuin concluded that "[n]ecessary treatment [for the April 2002 accident] would comprise exercises and modalities at a reasonable treatment cost of no greater than $500." Shepardson Decl. Ex. 12 at A00511. According to Dr. Fortuin, the December 2002 accident in which a bus clipped her right mirror "would be a non-injury event and would require no treatment." *Id.* In further support of its position, Allstate cites the deposition testimony of Dr. George, one of plaintiff's treating physicians, who stated that he felt that the amount

of treatment plaintiff received was beyond what was reasonable and necessary. De Hope Decl. ¶ 5, Ex. D at 83:18-21 (plaintiff was treated 15 to 20 times beyond what was reasonable and necessary after her April accident); *id.* at 95:6-18.

Allstate may have arguably established that the treatment plaintiff received was excessive by relying on plaintiff's own treating physicians, however, the evidence regarding what constituted reasonable treatment (and reasonable expense for such treatment) is not undisputed. While Allstate submits the testimony of its retained expert, Dr. Fortuin, that medical treatment following plaintiff's first accident should have been $500 and that no medical treatment should have been required following the second accident, the court cannot conclude that these estimates are reasonable as a matter of law.

Allstate argues that under the policy provision it had the discretion to determine whether plaintiff's medical bills were excessive . Upon making such a determination, Allstate could satisfy its obligation to its insured by defending and indemnifying her from claims by her doctors for payment. Allstate is correct that it had the right to initially decide that plaintiff's medical bills were unreasonable and refuse to pay them until they were determined to be reasonable and necessary. *See Nager v. Allstate*, 283 Cal.App. 4th 283, 290 (2000) (pointing out that under med- pay provisions the insurer retains the right to contest med-pay expenses pending determination of their reasonableness and necessity in

contrast to the insurer's right under a health insurance policy which provides less flexibility to the insurer to question a treating physician's determination that treatment was "medically necessary.").

However, Allstate did promise to pay any bills that were reasonable and necessary. Nothing in the policy required plaintiff to wait until her doctors sued her to challenge Allstate's determination. Allstate has provided no authority for the proposition that a dispute with an insured as to the reasonableness of medical expenses sought under a medical pay provision can only be resolved by a claim asserted by the doctor against the insured. A question of fact remains as to whether all reasonable expenses the plaintiff became legally obligated to pay for necessary medical treatment have been paid by Allstate.

Therefore, plaintiff's breach of contract claim survives defendant's motion for summary judgment.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
No. C-04-02258 RMW
ERF/MAG

### D. Bad Faith

#### 1. Insurance Code § 790.03

The California Supreme Court has held that California Insurance Code § 790.03 confers no private right of action for damages. *Moradi-Shalal v. Fireman's Fund Ins. Companies*, 46 Cal. 3d 287, 205 (1988). Therefore, any claim for damages under this section, punitive or otherwise, fails as a matter of law.

#### 2. Covenant of good faith and fair dealing

An insurance policy is a contract to provide certain benefits enumerated in the policy terms. "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 683 (1988). This principle applies equally to insurance policies. *Kransco v. American Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 390, 400 (2000).

The implied covenant of good faith and fair dealing supplements express contractual covenants, "to prevent the contracting party from engaging in conduct that frustrates the other party's rights to benefits of the agreement." *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal. 4th 1, 36 (1995). "Absent that contractual right, however, the implied covenant has nothing upon which to act as a supplement and 'should not be endowed with an existence independent of the contractual underpinnings.'" *Id.* (citing *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1153 (1990)).

To establish a breach of the implied covenant of good faith and fair dealing under California law, a plaintiff must show: "(1) benefits due under the policy were withheld; and (2) the reason for withholding benefits was unreasonable or without proper cause." *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1151 (1990). The reasonableness of an insurer's claims-handling conduct is ordinarily a question of fact, however, "it becomes a question of law where the evidence is undisputed and only one reasonable inference can be drawn from the evidence." *Chateau Chamberay Homeowners Ass'n v. Associated Intern. Ins. Co.*, 90 Cal. App. 4th 335, 346 (2001).

Plaintiff contends that Allstate's behavior in withholding payments for medical treatment under the Med-Pay benefit was unreasonable for two reasons: (1) because the evidence demonstrates that Allstate breached its duty to weigh and balance all available evidence in evaluating plaintiff's claim and (2) because Allstate's

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
No. C-04-02258 RMW
ERF/MAG

1  adjuster demonstrated hostility toward plaintiff.

2        Plaintiff argues that Dr. Fortuin works exclusively for defense firms and provided fundamentally flawed
3  conclusions in connection with his evaluation of her.  She claims he failed to consider both the severity of the
4  damage to her car and her bill from Dr. Anton for therapy to overcome her fear of driving.  She also repeatedly
5  argues, presenting supporting evidence to bolster her claim, that she is an eggshell plaintiff prone to neck and
6  back injury.  Thus, plaintiff contends, Allstate committed bad faith by failing to fairly adjust her claim, instead
7  keeping its defenses in the forefront of the investigation.  *Downey Sav. & Loan v. Ohio Cas. Ins. Co.*, 189
8  Cal. App. 3d 1072, 1098 (1987).

9        Contrary to plaintiff's assertions, however, Allstate retained the discretion under the Med-Pay provision
10  to contest medical expenses "which we deem to be unreasonable or unnecessary, [and] we may refuse to pay
11  those expenses and contest them."  Vicario Decl., Ex. A at 00040-41.  Allstate probably has some obligation
12  to examine bills before it withholds payment but here it fulfilled any such good faith obligation.  Dr. Fortuin
13  considered the damage to plaintiff's car, citing the amount and type of damage in his IME report based on, inter
14  alia, photographs of the damage.  Shepardson Decl., Ex. 12 at A00510.  The court also notes that he
15  considered plaintiff's mental state in reviewing the medical records her post-accident treatment, *id.* ("The
16  diagnoses were anxiety and strains."), and in his conclusions, *id.* ("She is harboring . . . depression, and other
17  stresses.").  The factors plaintiff contends Dr. Fortuin did not consider are clearly present in his report and she
18  presents no other evidence that Allstate failed to appropriately weigh and balance conflicting medical evidence.

19        The court finds only one reasonable inference can be drawn from the undisputed evidence before it:
20  Allstate did not unfairly refer plaintiff's claim for investigation, nor did it fail to weigh relevant factors in adjusting
21  plaintiff's medical claims.  Allstate initially questioned plaintiff's need for continued medical treatment resulting
22  from the April 2002 accident because it noticed an overlap between treatments for the April 2002 accident and
23  the December 2002 accident.  Because the December 2002 accident resulted in $250.00 of damage to
24  plaintiff's side view mirror and no injury to either of the two passengers, yet seemed to result in continued
25  unabated treatment for plaintiff, it is reasonable for Allstate to have referred the matter for special investigation
26  unit.  Even assuming plaintiff's medical history bears out that she is, as she argues, an eggshell plaintiff, Allstate's

27  ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
28  No. C-04-02258 RMW
   ERF/MAG

decision to pay more than double the amount estimated by Dr. Fortuin to be reasonable cannot be considered an unreasonable withholding of policy benefits under the circumstances, even if it turns out Dr. Fortuin's assessment was incorrect. Allstate referred the claim for investigation on reasonable grounds and Dr. Fortuin's evaluation considered the relevant factors before reaching a conclusion as to reasonable medical expenses given plaintiff's accidents and physical condition. Furthermore, as set forth above, even plaintiff's own chiropractor, Dr. George, has stated that her treatments for the April 2002 accident exceeded what was reasonably necessary. Under these circumstances, no reasonable jury could find that Allstate's behavior in requiring an IME was so patently unreasonable as to constitute bad faith.

Plaintiff also contends that the same alleged failure to weigh or balance the evidence against Dr. Fortuin's IME along with (1) an alleged statement by an Allstate adjuster that he would "not pay plaintiff a dime"; (2) failure to address or pay Dr. Anton's bill; and (3) secretly sharing Dr. Fortuin's report with defense counsel in the action against the driver in plaintiff's April 2002 accident evidence a hostile approach by claims personnel sufficient to evidence bad faith. The court finds these contentions to be without merit. Plaintiff lacks evidence of the alleged hostile approach. She only offers an email from an unidentified Allstate employee to an adjuster whose role is otherwise unexplained stating that plaintiff had reported that the adjuster had made the statement at issue. This is hearsay and inadmissible as an admission. To counter plaintiff's contention that Allstate failed to consider Dr. Anton's $650 bill in adjusting plaintiff's claim, defendant points out that Dr. Anton did not expect to be paid until after successful conclusion of the civil action regarding the April 2002 accident.

Finally, plaintiff has cited no authority for the proposition that an insurance company may not share the cost of a medical exam with another party engaged in litigation or, that such action would constitute bad faith.

In sum, the court finds that plaintiff cannot establish that Allstate acted in bad faith and unreasonably chose to contest the reasonableness of the medical expenses.

### D. Punitive Damages

An insurer's breach of the implied covenant of good faith and fair dealing gives rise to both contract and tort remedies, including recovery for emotional distress and punitive damages. *Silberg v. California Life Ins.*

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
No. C-04-02258 RMW
ERF/MAG

*Co.*, 11 Cal. 3d 452, 462 (1974); *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 574 (1973). Punitive damages are awarded by the court for the purposes of deterrence and retribution. *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 432 (2001). The burden of proof required to establish punitive damages is "clear and convincing evidence." *Cooper*, 532 U.S. at 429; *Mock v. Mich. Millers Mut. Ins. Co.*, 4 Cal. App. 4th 306, 332 (1992).

Because plaintiff failed to raise a triable issue of fact on her bad faith cause of action, it follows that she has also failed to raise a triable issue of fact with regard for his prayer for punitive damages. Thus, plaintiff's bad faith claim does not survive defendant's summary judgment motion.

### III.  ORDER

For the foregoing reasons, the court denies defendant's motion for summary judgment that it did not breach the terms of the insurance policy. There remains an issue of fact as to whether it paid reasonable expenses as required under the Med-Pay coverage. The court grants defendant's motion as to plaintiff's bad faith and punitive damages claims.

DATED:    8/8/05                          /s/ Ronald M. Whyte
                                          RONALD M. WHYTE
                                          United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
No. C-04-02258 RMW
ERF/MAG

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**

John A. Shepardson          johnshepardson@hotmail.com

**Counsel for Defendant(s):**

Jeffry Butler               jzb@sonnenschein.com
Kimberly De Hope            ked@sonnenschein.com
Cynthia L. Mellema          cmellema@sonnenschein.com@firm.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**      8/8/05                     /s/ MAG
                                    **Chambers of Judge Whyte**

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
No. C-04-02258 RMW
ERF/MAG                          14